## No. 12,787.

### HOLLINGSWORTH *v.* HUNN ET AL.
(22 P. [2d] 1118)

Decided May 29, 1933.  Rehearing denied June 19, 1933.

1

Mr. L. E. KENWORTHY, Mr. S. E. NAUGLE, for plaintiff in error.

Mr. FRANK DELANEY, for defendants in error.

*In Department.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

HUNN and three others, suing as trustees and stockholders, hereinafter called plaintiffs, brought an action against the Multa Trina Ditch Company, et al. to wind up its corporate affairs under the provisions of chapter 71, pages 200-202, Laws 1925. The ditch company was a Colorado corporation, the corporate life of which had expired by limitation when the action was brought. It had an authorized capital stock of 50,000 shares of the par value of one dollar each. Luella A. Hollingsworth claims to own 18,178 shares thereof. If acquired at all, they were obtained by her (after this suit was brought) through levy and seizure by the United States Marshal under an execution in a case in the federal court in which she recovered judgment against a third party. The stock which Mrs. Hollingsworth claims was formerly owned by certain parties defendant in the present suit, but plaintiffs claim that it had been forfeited under the ditch company by-laws for nonpayment of ditch and water rights assessments, and that this forfeiture occurred and was declared by the officers of the company before its charter had expired, so that Mrs. Hollingsworth took nothing under her execution.

Plaintiff in error is a resident of the state of California, and after she obtained her judgment in the federal court, she brought a bill in equity in the same forum

to establish her claim and to participate ratably according to her alleged stock ownership in the distribution of the assets of the defunct corporation. That suit was brought while the present action was pending, and the United States court dismissed her complaint for lack of jurisdiction. *Hollingsworth v. Multa Trina Ditch Co.,* 51 Fed. (2d) 649. She then proceeded to file a petition in intervention in the present cause, and asked that she be allowed to appear and plead or answer plaintiffs' amended complaint. The court denied her petition and she prosecutes error to review the judgment.

None of the shares claimed by Mrs. Hollingsworth were ever issued to her or stood on the books of the company in her name. They were represented by twelve certificates, signed in blank. The total of 18,178 shares is made up from former ownerships as follows: Divide Creek Irrigation District, 3,000; M. E. and J. L. Hiatt, 7,278; W. G. Lockhard, 7,900. These parties were all named as defendants in plaintiffs' complaint, in which the forfeiture of such stock for nonpayment of dues was alleged. Personal service was obtained on the irrigation district and W. G. Lockhard individually and as trustee. Constructive service was had on the Hiatts; the validity of the service is not questioned. Lockhard answered and denied the stock forfeiture, but default was entered against the Hiatts and the irrigation district for failure to plead or answer. Plaintiff was allowed an amendment to the complaint and Lockhard was permitted to answer it.

The petition in intervention was filed five days before the day set for the trial of the action, which was after defaults had been entered and issues joined. It was called up for hearing on the day set for trial, although it appears that counsel for Mrs. Hollingsworth had been apprised of the pendency of the suit approximately a year prior thereto. While the court declined to allow Mrs. Hollingsworth to file an answer and thus interrupt the progress of the trial, it permitted her, if she had so

desired, to appear and submit testimony under the issues made by the pleadings theretofore filed, but the abstract does not reveal that she availed herself of the opportunity. The findings and decree, elaborate in detail, sustain all of plaintiffs' contentions that are material to this opinion.

The assignments of error may be stated in one proposition, that the court erred in refusing to allow plaintiff in error to file her answer. We cannot agree with her counsel that such refusal constituted error. There was no abuse of discretion; Mrs. Hollingsworth was a purchaser pendente lite, and bought at her peril; as we said under a quotation from another case in *Howard v. Fisher,* 86 Colo. 493, 521, 283 Pac. 1042, " 'Suits would be interminable if the rights of parties could be disturbed by mesne conveyances.' " At the time the suit was brought, Mrs. Hollingsworth had no claim of any kind and would not have been then even a proper party. The party or parties to the suit through whom she claims to have acquired the stock, continued as the representative of such interests. *Howard v. Fisher, supra.* Her request to intervene came too late. Furthermore, the Lockhard answer was sufficient to put in issue defenses not only available to him under the circumstances, but also to every other claimant of stock in the corporation, including, inter alia, those of Mrs. Hollingsworth's other alleged predecessors in interest, namely, the Hiatts and the irrigation district, if they had chosen to answer instead of suffering default to be entered against them. That is to say, such claims and defenses are inter-related and largely identical. It is therefore apparent that further pleadings by Mrs. Hollingsworth were really unnecessary. This fact, and the liberal allowance of proof as to all claims of stock ownership, from whatever source acquired, also as to other material questions, as well as the minute attention to details and the full consideration accorded by the court to every stockholder or claimant,

was ample for the protection of the rights of all parties concerned. We find no prejudicial error.

Judgment affirmed.

MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.